UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| Michael Amick, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 17-03391-CV-S-BP |
| | ) | |
| Oregon County, Missouri, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**Supplemental Brief in Support of Motion to Dismiss**

Kass Brazeal and Michael Johnson did not violate Amick's constitutional rights by making no mention whatsoever during the criminal investigation and prosecution about the existence of a burnt spot on Amick's property, which officers observed during the execution of the search warrant on that property. Brazeal and Johnson both testified ten years after the fact that each of them saw the burnt spot on the ground near the pond. Yet, Amick seeks to hold them liable for not claiming ten years earlier that there was no burnt spot.[1]

Again, Amick does not allege that Brazeal or Johnson fabricated evidence related to the gun found on his property. He does not allege that

---

[1] It is not entirely clear what this would have accomplished. Eric King swore in his probable cause statement that he saw the burnt spot. It is not clear from the pleadings that Brazeal or Johnson saw or reviewed that statement before King submitted it. And, even if Brazeal and Johnson told King that they did not see a burnt spot, he still could have submitted the same probable cause statement. And, Brazeal and Johnson could not call themselves to testify or ask themselves questions at the criminal proceedings.

1

Brazeal or Johnson put the gun there. He does not allege that Brazeal or Johnson knew that the items had been planted. He does not allege that either of them provided any evidence about the burnt spot or gun found on his property during the criminal investigation or prosecution. While he alleges that neither Brazeal nor Johnson documented the burnt spot, he also acknowledges that King claimed that he took pictures. Brazeal or Johnson had no reason to believe that the constitution required them to also document the burnt spot. He does not plausibly allege a constitutional violation by either Brazeal or Johnson.

He also relies on his erroneous probable cause conclusion. Removing the allegation about the burnt spot from King's probable cause statement would not defeat probable cause. A witness saw Amick's truck at the victim's residence a short time before that same witness saw the house on fire. Officers executed a search warrant on Amick's property and found a cut-up gun in a pond and metal shavings on the shore near the pond. And, Sheriff Ward saw a cutting torch in his truck. The burnt spot is not the linchpin of the probable cause determination. While it may have bolstered the evidentiary value of the cut-up gun at the criminal trial, probable cause existed with or without the burnt spot.

Accordingly, Defendants Brazeal and Johnson respectfully request that this Court enter an order, dismissing Plaintiffs' claims with prejudice.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

*/s/ Nicolas Taulbee*
Nicolas Taulbee
Missouri Bar Number 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Facsimile: (816) 889-5006
Email: Nicolas.Taulbee@ago.mo.gov
*Attorneys for State Defendants*

## Certificate of Service

I hereby certify that on January 29, 2019, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Nicolas Taulbee*
Assistant Attorney General