UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MICHAEL AMICK and SARA AMICK,　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiffs,　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　　　　)　　Case No. 17-CV-03391
　　　　　　　　　　　　　　　　　　　　　　　)
OREGON COUNTY, et al.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendants.　　　　　　　)

## MOTION TO AMEND THE SCHEDULING ORDER

COME NOW the Defendants, Oregon County, Tim Ward, Darrin Sorrell, and Eric King, by and through their attorneys of record, Keck, Phillips & Wilson, LLC.

1. In 2011, Plaintiff Michael Amick was convicted of second degree murder and arson in connection with the death of his wife's grandmother, Leona Maxine Vaughan.

2. Ms. Vaughan was murdered, and her home burned down around her, on December 2, 2008.

3. Mr. Amick subsequently served several years in the Missouri Department of Corrections before the Missouri Supreme Court reversed his conviction, holding that the trial judge improperly substituted an alternate juror after deliberations began. *See State v. Amick*, 462 S.W.3d 413 (Mo. banc 2015).

4. The charges against Mr. Amick were re-filed and a re-trial was set in December 2016.

5. Prior to Mr. Amick's second trial, an inmate named James Higdon gave sworn testimony to the effect that another inmate, David Youngblood, had admitted to Higdon that he, not Michael Amick, killed Ms. Vaughan.

6. During the hearing, Mr. Higdon testified under oath that David Youngblood had confessed a number of details to him about Ms. Vaughan's murder, including a description of the murder weapon, a description of the Risner house including furniture and fixtures therein, and even details about what Ms. Vaughan was wearing at the time she was murdered. Ex. 1, Excerpted Testimony from October 6, 2016 Motion Hearing at 94:1-101:17.

7. Mr. Higdon further testified he had not received any payment in exchange for his testimony. Ex. 1, 134:8-9.

8. David Youngblood appeared at the hearing on October 16, 2016, but invoked his Fifth Amendment Rights and declined to testify. Ex. 1, 80:15-81:13.

9. The judge presiding over Mr. Amick's re-trial excluded the testimony of James Higdon. Nonetheless, the jury found Michael Amick not guilty in December 2016.

10. After Michael Amick's acquittal he was released from prison, and filed the above-captioned lawsuit seeking damages under § 1983 and state law from the Oregon County Sheriff's Department, Missouri Fire Marshall's Office, the City of Alton, Missouri, and numerous officers associated with those entities. Doc. No. 1.

11. The defendant Fire Marshalls, the City of Alton, and the Alton police officers were subsequently dismissed, but Oregon County remains a defendant, along with former Sheriff Tim Ward, current Sheriff Eric King, and former Deputy Darrin Sorrell.

12. Mr. Amick's lawsuit weaves a fantastic tale of murder, drugs and intrigue in Oregon County, alleging among other things that:

    a. David Youngblood confessed he had committed the Vaughan murder to another inmate while Youngblood was incarcerated for other murders committed in the same way as the Vaughan murder. Doc. No. 94 ¶ 128.

b. Youngblood murdered Vaughan with an accomplice, Keith Boyles, in a dispute over illegal drug sales. Youngblood and Boyles also burned down the Risner house. Doc. No. 94 ¶ 129.

c. The Defendants ignored evidence of Mr. Amick's innocence and failed to search for the real killers (i.e. David Youngblood and Keith Boyles). Doc. No. 94 ¶ 133.

13. On June 14, 2019, Plaintiffs' counsel took the deposition of Mr. Higdon. Although the transcript of that deposition is not yet available, Mr. Higdon testified to effect that he had, in fact, been paid for his testimony, though he could not remember if it was before or after the October 6, 2016 hearing.

14. On June 19, 2019, Defendants took the deposition of Mr. Amick, in which he testified, among other things, to the effect that:

a. He had never spoken or communicated with James Higdon;

b. He was not aware that Higdon had been paid for his testimony until Higdon's June 14, 2019 deposition;

c. That he had seen David Youngblood at Jackie Risner's house twice during the months before Ms. Vaughan's murder;

d. That Jackie Risner was selling drugs for former Oregon County Sheriff Tim Ward and/or former Deputy Sorrell;

e. That David Youngblood murdered Ms. Vaughan at the behest of Risner, Ward or Sorrell because Vaughan had threatened to expose their drug conspiracy.[1]

15. Next, on June 17, 2017, Mr. Higdon sent a letter to Mr. Amick's counsel in this case which states, in relevant part:

---

[1] The transcript of Mr. Amick's deposition is not yet available, and this recitation is based upon the undersigned's notes and best recollection of the testimony.

> . . . Michael Amick contacted me in the summer of 2015 while we were both incarcerated at the Southeast Correctional Center in Charleston, MO, he contacted me because a mutual "friend" told him I was being transferred to the South Central Correctional Center in Licking, MO and yes, thats [sic] because David Youngblood a.k.a. shoot em in the head and burn their house down around them. Michael Amick convinced me with the promise of one thousand dollars if I would go to Licking, find Youngblood and convince him to cooperate with the conspiracy. Now Mr. Amick provided me with an extensive legal file, facts not in evidence, ***and facts only the killer would know, for example what Ms. Vaughn was wearing prior to her body being burnt***.

Ex. 2, Higdon Letter p. 1 (emphasis added).

16. The letter also states that Mr. Amick's criminal attorney paid Higdon and Youngblood for their cooperation. Ex. 2, Higdon Letter p. 2.

17. Plaintiff's counsel disclosed Higdon's letter to defense counsel at 5:16 pm on June 27, 2019.

18. Under the current Scheduling Order (Doc. 46), as amended by the Court's Orders dated December 19, 2018 (Doc. 112) and April 22, 2019 (Doc. No. 137), the following deadlines apply:

   a. Defendants' expert disclosures are due July 1, 2019;

   b. Discovery closes July 15, 2019;

   c. Dispositive motions are due July 22, 2019;

   d. Teleconference October 18, 2019 to discuss case status;

   e. Pretrial conference November 1, 2019;

   f. Trial to begin November 12, 2019.

19. The parties anticipate taking David Youngblood's deposition at the Southeast Correction Facility during the week of July 8-12, 2019.

20. In light of the new evidence, Defendants also wish to re-depose James Higdon, and may also require the depositions of additional fact witnesses. For example, Billy Rhoden,

a.k.a. "Booger Bill," is an inmate James Higdon claims first introduced him to Mr. Amick. Ex. 1, 84:2-10. Mr. Amick admitted during his recent deposition that he had been in contact with Booger Bill in mid-January 2018, just weeks after filing this lawsuit.

21. Furthermore, a second deposition of Mr. Amick may be necessary in order to fully demonstrate the extent of conspiracy he apparently orchestrated in an effort to exonerate himself, and which is now being used to pursue his meritless claims against these Defendants. This is especially true if Defendants are able to obtain the "extensive legal file" or any other documents that Mr. Amick may have provided to James Higdon, Booger Bill, or David Youngblood,

22. Defendants respectfully request the Court stay the current deadlines for fact discovery, dispositive motions, and expert disclosures at least until the deposition of Mr. Youngblood, and the re-deposition of Mr. Higdon, are complete. At that time, the parties should have a better idea of the discovery that may be necessary in light of this evidence, and the Court can convene a scheduling conference to determine new deadlines for completion of discovery, expert disclosures and dispositive motions.

23. Defendants do not know at this time whether the requested amendment to the scheduling order will require a new trial date.

24. Defendants have contacted Plaintiffs' counsel to determine whether they will consent to the amendment sought hereby, but have not yet had a response due to the late hour of the inquiry.

WHEREFORE, for the reasons set forth in the foregoing, Defendants respectfully request 1) a stay of deadlines and amendment to the Scheduling Order, 2) leave to conduct a second deposition of James Higdon, an incarcerated person, and 3) a scheduling conference at or around

the week of July 15 to set new deadlines for expert discovery and dispositive motions, and such other and further relief the Court deems necessary and proper.

    Respectfully submitted,

    KECK, PHILLIPS & WILSON, LLC

    By: */s/Matthew D. Wilson*
        Patricia A. Keck     #42811
        Matthew D. Wilson     #59966
        3140 E. Division
        Springfield, Missouri 65802
        Phone: 417-890-8989
        Email: pat@kpwlawfirm.com
              matt@kpwlawfirm.com
        *Attorneys for Defendants Oregon County,*
        *King, Ward and Sorrell*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was sent via ECF, this 28th day of June, 2019 to:

Mr. Josh Loevy
Scott Rauscher
Loevy & Lovey
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607

Christopher J. Lawler
Erika E. Lawler
4510 Belleview Avenue, Suite 202
Kansas City, Missouri 64111

    */s/Matthew D. Wilson*
    Matthew D. Wilson