IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SPRINGFIELD

| | |
|---|---|
| MICHAEL AMICK AND SARA AMICK,     ) | |
| ) | |
| Plaintiffs,     ) | |
| ) | |
| v.     ) | |
| ) | Case No. 6:17-CV-03391-BP |
| OREGON COUNTY, et al.     ) | |
| ) | |
| Defendants.     ) | |

**PLAINTIFFS' SUGGESTIONS IN SUPPORT OF THEIR MOTION TO STRIKE
DEFENDANTS' ADDITIONAL SUMMARY JUDGMENT BRIEF TO THE COURT**

Plaintiffs Michael and Sara Amick submit the following suggestions in support of their

motion to strike Defendants' Additional Summary Judgment Brief to the Court.

**Argument**

After receiving extensive summary judgment briefing, the Court issued a nearly 50-page

opinion granting in large part, and denying in part, Defendants' motions for summary judgment.

*See* Dkt. 229. Not satisfied with that ruling, Defendants asked the Court to permit them to file a

brief addressing a "number of issues" that Defendants claimed were not adequately addressed at

summary judgment. Dkt. 237 at 1. In particular, Defendants asserted that: (1) Plaintiffs' claim

that Defendant Tim Ward fabricated evidence relating to a torch that he purportedly saw in Mr.

Amick's car failed because Mr. Amick still would have been charged, prosecuted, and convicted

regardless of the fabrication; and (2) witnesses are absolutely immune from liability in § 1983

cases for their testimony in earlier proceedings. *Id*. at 1-2. Over Plaintiffs' objection, the Court

granted Defendants' motion in part, allowing a supplemental brief limited solely to "their

argument that witnesses in criminal proceedings are absolutely immune from § 1983 claims

based on their testimony." Dkt. 239.

Defendants disregarded the Court's order limiting their supplemental brief to the issue of whether "witnesses in criminal proceedings are absolutely immune from § 1983 claims based on their testimony" and instead filed an 11-page brief that includes many issues outside the scope of the Court's order. *See generally* Dkt. 243.

**I.      The majority of Defendants' brief exceeds the scope of permissible briefing.**

Defendants start their brief by arguing that all pre-trial conduct at issue in this case must "be governed by the Fourth Amendment analysis for probable cause, not the substantive due process analysis under the Fourteenth Amendment," and that Defendant Tim Ward is entitled to judgment as a matter of law under that standard because "the record establishes sufficient facts/evidence for a finding of probable cause even without Ward's supposedly false statement and thus no violation of Michael Amick's Fourth Amendment rights occurred." Dkt. 245 at 5. This argument is incorrect as a legal matter, and more importantly for present purposes, it both exceeds the scope of the Court's order allowing limited additional briefing and contradicts how both sides (and the Court) addressed the fabrication claim on summary judgment, where it was properly analyzed as a Due Process claim under the Fourteenth Amendment. *See* Dkt. 186 at 14 (Individual Defendants' Suggestions In Support of Summary Judgment, analyzing Ward's alleged fabrication under Fourteenth Amendment); Dkt. 202 at 115-127 (Plaintiffs' Response Suggestions In Opposition To Defendants' Motions for Summary Judgment, analyzing fabrication claim under Due Process Clause of Fourteenth Amendment); Dkt. 207 at 190-202 (Defendants' Reply in Support of Summary Judgment, analyzing fabrication claim under Fourteenth Amendment); Dkt. 229 at 15 (Summary Judgment Order, explaining that "Plaintiffs' primary legal theory is that the investigation was improper and therefore violated Michael's due process rights under the Fourteenth Amendment.").  These topics were not included in the scope

2

of the Court's order allowing limited briefing on a single issue, and Plaintiffs should not have to spend the time and resources to respond to this new, and incorrect, argument.

Defendants also devote multiple pages of their brief to arguing for the dismissal of Plaintiffs' remaining state law claims, which also exceeds the scope of permissible briefing on the single topic of absolute witness immunity. Dkt. 243 at 8-10. Here, Defendants argue that Missouri recognizes some form of witness immunity (though they do not claim that it is absolute) and then attempt to reargue the merits of Mr. Amick's state-law claims for malicious prosecution and intentional infliction of emotional distress. Dkt. 243 at 8-10. Again, these arguments plainly exceed the scope of the Court's order permitting limited briefing, which warrants striking the brief.

## II.     Defendant Ward is not entitled to absolute immunity

Plaintiffs submit that the actual issue that the Court permitted Defendants to brief is relatively straightforward. Namely, Defendant Ward is not entitled to absolute immunity because Plaintiffs do not seek to hold him liable for providing false testimony. Rather, as the Court held, Ward may be held liable for allegedly creating a report in which he falsely claimed to have seen a torch in Mr. Amick's truck the day before recovering a cut-up gun at the Amick property. Dkt. 229 at 39-30. Ward's subsequent testimony in a manner consistent with his report is relevant to show that Mr. Amick's right to a fair trial was violated, but Ward's testimony did not give him retroactive absolute immunity for fabricating a report in the first place. *See*, *e.g.*, *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012) ("alleged constitutional violation here was not complete until trial" when false testimony was used to deprive plaintiff of fair trial, but that did not mean that defendant was entitled to immunity for creating the fabricated evidence). *See also McGhee v. Pottawattamie County, Iowa*, 547 F.3d 922, 932 (8th Cir. 2008) (holding that

3

prosecutors who procure false testimony or fabricated evidence are liable for constitutional violations, and rejecting argument that the only constitutional violation occurs when the evidence is used at trial, a time at which the prosecutors have absolute immunity); *Buckley v. Fitzsimmons*, 20 F.3d 789, 796 (7th Cir. 1994) ("constitutional wrongs completed out of court are actionable even if they lead to immunized acts").

Plaintiffs read the Court's summary judgment decision to be in line with the cases cited above and the general case law regarding absolute immunity. In short, Plaintiffs did not understand the Court's summary judgment ruling to allow a jury to hold Defendant Ward liable *for* his allegedly false testimony. To the contrary, Plaintiffs read the Court's summary judgment ruling to allow a jury to hold Ward liable for fabricating evidence, and as acknowledging that Ward's false testimony regarding the allegedly fabricated evidence is relevant to show that Mr. Amick's right to a fair trial was violated.

## Conclusion

Defendants have exceeded the scope of the Court's order permitting limited additional briefing on the issue of whether witnesses have absolute immunity for their trial testimony. Therefore, the Court should strike Defendants' Additional Summary Judgment Brief to the Court. Alternatively, Plaintiffs request that all portions of the brief unrelated to the absolute immunity issue be stricken for exceeding the scope of the Court's order allowing Defendants to file a supplemental brief.

RESPECTFULLY SUBMITTED BY:

| | |
|---|---|
| /s/ Scott Rauscher | /s/Christopher J. Lawler |
| Arthur Loevy* | Christopher J. Lawler, Mo. Bar# 52802 |
| Jon Loevy* | Erika E. Lawler, Mo. Bar# 56213 |
| Scott Rauscher* | 4510 Belleview Avenue, Suite 202 |
| Josh Loevy | Kansas City, Missouri 64111 |
| LOEVY & LOEVY | (T) 816-912-4700 / (F) 866-567-9151 |
| 311 N. Aberdeen St., 3rd floor | (chris@lawlerfirmllc.com) |

| Chicago, IL 60607<br>(312) 243-5900<br>*Attorneys for Michael Amick*<br>*Admitted pro hac vice* | *Attorneys for Sara Amick* |
|---|---|

## CERTIFICATE OF SERVICE

I, Scott Rauscher, hereby certify that I caused a true and correct copy of the foregoing to

be filed by ECF on November 4, 2019, which caused the foregoing to be served on all counsel of

record.

/s/ Scott Rauscher
Scott Rauscher